IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH PADGETT, #281 611,           )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )   CIVIL NO. 2:20-CV-1021-WHA-JTA
                                    )            [WO]
JEFFERSON DUNN, COMMISSIONER,       )
*et al.*,                           )
                                    )
    Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by state inmate Joseph Padgett challenging a failure to protect him from an inmate assault which occurred at the Fountain Correctional Facility on December 14, 2018.[1]  Upon review, the court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404(a).[2]

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided

---

[1] Plaintiff, who is currently incarcerated at the Chilton County Jail, is a state inmate in the custody of the Alabama Department of Corrections.  Doc. 1 at 7.

[2] Upon initiation of this civil action, Plaintiff filed an application for leave to proceed *in forma pauperis*, Doc. 2.  However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the actions made the basis of this complaint occurred at a correctional facility located in the Southern District of Alabama.  And it appears most material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Southern District of Alabama.  Although by virtue of their positions as Commissioner, Associate Commissioners, PREA Director, Institutional Coordinator (Southern Region), ADOC Chief of Staff, and I & I Director, Defendants Dunn, Culliver, Williams, Brand, Hill, Mercado, Price, and Vincent reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state.  Finally, it is clear that the witnesses to the actions undertaken at Fountain reside in the Southern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

---

[3] In transferring this case, the undersigned makes no determination with respect to the propriety of the persons named as defendants or the merits of the claims presented in the complaint.

**On or before January 4, 2021,** Plaintiff may file an objection to the Recommendation. Plaintiff is  advised he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of December, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE